IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SHINWHA ELECTRONICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-477C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED OUT OF TIME MOTION
FOR AN ENLARGEMENT OF TIME

Defendant respectfully requests an enlargement of time of 60 days, to and including August 19, 2005, within which to respond to plaintiff's complaint. Defendant's response to plaintiff's complaint was due on June 20, 2005. This is our first request for an enlargement of time for this purpose. Plaintiff's counsel has indicated that plaintiff does not oppose this motion.

Upon receipt of the complaint, defendant's counsel of record promptly forwarded it to the United States Department of the Army for review and assistance. This case involves a Korean contractor performing a contract in Korea as well as a related and pre-existing case, United States ex. rel Paulson v. Shinwha Electronics, Corp., CV 02-00092HG, in the United States District Court for the District of Hawaii. The unusual location and posture of this case caused a delay in defendant’s counsel’s ability to gather information and points of contact for the case. In addition, during the original time for responding to plaintiff’s complaint, defendant’s counsel had to prepare for, and conduct, the trial of Daewoo Engineering and Construction,

Ltd., v. United States, Fed. Cl. Case No. 02-1914, which resulted in defendant's counsel's inadvertent mistake when calendering the due date for the defendant's response to plaintiff's complaint. Defendant's counsel mis-calendered the due date as July 20, 2005, not June 20, 2005. Defendant's counsel regrets the error that caused this motion to be filed out of time and will work to ensure that it is not repeated.

Developments in the District Court case may result in a resolution of this case without the need for any proceedings before this Court. It is anticipated that the District Court issues may be resolved within the time period requested in this motion. The enlargement is necessary to permit the parties to explore the resolution of these two cases and, if a resolution is not forthcoming, to report back to this Court that further time is necessary or for the defendant to respond to the plaintiff's complaint.

Defendant's counsel is in receipt of the Court's order of July 18, 2005, which struck an earlier version of this motion, filed on July 12, 2005, primarily because a notice of appearance had not been filed by the defendant when the July 12, 2005, motion for enlargement was filed. Prior to receipt of the Court's order of July 18, 2005, defendant's counsel had already filed a notice of appearance. The notice of appearance was filed on July 20, 2005. The July 20, 2005, notice of appearance filing

was in response to telephonic notification received from the Court that no notice of appearance was on record for this case. Defendant's counsel had prepared a notice of appearance on May 10, 2005, but inadvertently failed to ensure that it was filed with the Court's electronic case management system at that time.

In response to the Court's order of July 18, 2005, we certify that the supervising Deputy Assistant Attorney General has been notified that this motion for enlargement is being filed out of time.

For the foregoing reasons, we respectfully request the Court to grant our unopposed out of time motion for an enlargement of time of 60 days.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tele: (202) 616-0391
Fax: (202) 353-7988
Attorneys for Defendant

July 26, 2005

CERTIFICATE OF FILING

I hereby certify that on July 26, 2005, a copy of foregoing "DEFENDANT'S UNOPPOSED OUT OF TIME MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian S. Smith